STATE of Tennessee ex rel. Zelda FINGER et al., Appellants,

v.

Frank M. KIDD, Appellee.

Supreme Court of Tennessee.

March 1, 1976.

Charles Hampton White, Cornelius, Collins, Higgins & White, Nashville, for appellants.

Hubert D. Patty, Maryville, for appellee.

## OPINION

COOPER, Justice.

This is an appeal from a decree dismissing an ouster suit. Appellants, citizens of Blount County, brought an action in the chancery court seeking to oust appellee, Frank M. Kidd, as a member of the Quarterly County Court of Blount County. Appellants charged that appellee violated the conflict of interest statute, T.C.A. 12–401, by serving as a member of the quarterly county court while employed by the Blount County Board of Education as a supervisor of instruction. T.C.A. 12–401 provides that:

"[i]t shall not be lawful for any officer, committeeman, director, or other person whose duty it is to vote for, let out, overlook, or in any manner to superintend, any work or any contract in which any municipal corporation, county, or the state, shall or may be interested, to be directly or indirectly interested in any such contract."

In dismissing the action, the chancellor found that the appellee, in his capacity as supervisor of instruction, was a teacher and could properly serve as a member of the Blount County Quarterly Court under the express provision of T.C.A. 49–217. That section, prior to being amended in 1975, provided as follows:

"49–217. Adverse interest of board members and justices prohibited.—No member of the local board of education or of the quarterly county court shall take or make, as the adverse party, any contract which his board is competent to make, nor shall he become the owner of a school warrant, except for his compensation as provided by this title; provided, that *nothing in this title shall prevent any member of the quarterly county court from entering into a contract with said board to teach any of the schools coming under the provisions of this title. . . .*" (emphasis supplied)

In describing his duties as a supervisor of instruction, appellee pointed out that a supervisor of instruction, like a classroom teacher, is appointed by the Blount County Board of Education and not by the Quarterly County Court. Similarly, the salaries of both the supervisor of instruction and the classroom teacher are determined solely by the Board of Education. Furthermore the evidence shows that the supervisor of instruction is a certificated teacher and his duties include classroom teaching. As stated by appellee:

"A great deal of my time, sir, is spent what I would call, trouble-shooting, in trying to work with personnel problems relating to students, teachers; I spend time on curriculum development; I spend time observing classrooms, teachers in the classroom. I make suggestions, comments, I sometimes take over classrooms for teachers in times of giving achievement tests and times when we have several principals who do not—who need

time out of their classrooms to do classroom observation in order to perform teacher evaluation, I sometimes take classrooms for that purpose. I sometimes take classrooms in order to teach a sample lesson for beginning teachers. I spend some time in the office working with various forms, preliminary reports, the annual statistical report, curriculum report—I'd say that sums up what I do."

We agree with the chancellor that a supervisor of instruction, with duties as described above, is a teacher within the ambit of T.C.A. 49–217 and is competent to serve both as a teacher and a member of a quarterly county court. See T.C.A. 49–1401. But more importantly, under the evidence in this record we see no material conflict between appellee's service for the County Board of Education and his service as a member of the quarterly county court, even if appellee could not be classed as a teacher. In *State ex rel. Boles v. Groce*, 152 Tenn. 566, 280 S.W. 27 (1925), wherein it was held that a justice of the peace concurrently employed by a board of education as a teacher was not in violation of the conflict of interest statute, this court reasoned that:

> "The county board of education is a separate and distinct entity from that of the county court, created by the state, with well defined powers and duties, over which the county court has no supervisory jurisdiction. Hence the county court had nothing to do with the letting of this contract, or the manner of its performance, and the relator, as a member of the county court, did not contract with himself.

> "We are unable to see how a county can be injured or imposed upon, where the board of education employs a person to teach in its schools who is competent and otherwise qualified, simply because he happens to be a justice of the peace of the county." 152 Tenn. at 570, 280 S.W. at 28.

We find this reasoning persuasive and applicable to appellee.

T.C.A. 49–217, under which appellee's contract with the county board of education was authorized, was amended by Chapter 11 of the Public Acts of 1975, effective April 3, 1975. The amendment broadens the areas of employment open to contract between a member of the quarterly county court and the county board of education to include "any job or post filled by that board." Appellants insist in their second assignment of error, as they did in the trial court, that the amendment is unconstitutional. The chancellor, being of the opinion that a determination of the constitutionality of the 1975 amendment was not necessary to a decision in this case, consequently, pretermitted the issue. We concur in his action.

The decree of the chancellor is affirmed. Costs are adjudged against appellants.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.