STATE of Tennessee ex rel. Arnold BROWN et al., Appellants,

v.

James C. BATES et al., Appellees.

Supreme Court of Tennessee.

July 25, 1977.

George E. Barrett, Barrett, Brandt & Barrett, Nashville, for appellants.

R. A. Ashley, Jr., Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Charles W. Bone, Gallatin, Charles Hampton White, Nashville, for appellees.

## OPINION

BROCK, Justice.

In this suit the relators, as citizens and freeholders of Sumner County, seek to oust from their offices as Justices of the Peace the defendants, Billy S. Hobbs, George R. Offitt, and Pat L. Webb, alleging that they are in violation of T.C.A., § 49–217, by virtue of their employment by the Sumner County Board of Education as, in the case of Hobbs, principal of a school, in the case of Offitt, assistant principal of a school, and in the case of Webb, a teacher. Plaintiffs also seek to enjoin the defendants, as members of the Quarterly County Court of Sumner County, from paying themselves compensation as prescribed by T.C.A., § 5–507, upon the grounds that the statute is in violation of art. I, § 8, of the Constitution of Tennessee.

The Attorney General of Tennessee, as defendant, filed a motion for summary judgment and the other defendants filed motions to dismiss the complaint for failure to state a claim on which relief can be granted. The grounds of these motions were that the contracts of defendants, Hobbs, Offitt and Webb, with the Sumner County Board of Education are not prohibited by T.C.A., § 49–217, and, therefore, that no ground for ouster of these defendants from their offices as Justices of the Peace was alleged; and, that insofar as plaintiffs seek to have T.C.A., § 5–507, declared unconstitutional, the plaintiffs failed to allege any facts sufficient to give them standing to make such a challenge, since they allege no special injury or interest different from that of other citizens of Sumner County. The trial judge sustained the "motions of the defendants" and dismissed the action and the plaintiffs have appealed. The order of the trial court was based upon its conclusion that the complaint failed to allege any grounds for ouster and that no constitutional infirmity in T.C.A., § 5–507, had been shown.

### I

We agree that no grounds for ousting the defendants has been alleged. This issue is controlled by the recent decision of this Court in *State ex rel. Finger v. Kidd*, Tenn., 534 S.W.2d 309 (1976) in which it was held (1) that a supervisor of instruction in the county schools was a "teacher" ithin the exception contained in T.C.A., § 49–217, and (2) that, aside from the exception, a justice of the peace concurrently employed by a county board of education as a teacher was not in violation of the conflict of interest statute, T.C.A., § 49–217, since his teaching contract was not with his own board, i. e., county court, but with the county board of education, a separate entity. See also *State ex rel. Boles v. Groce*, 152 Tenn. 566, 280 S.W. 27 (1925). We said in *Kidd*:

> "We agree with the Chancellor that a supervisor of instruction, with duties as described above, is a teacher within the ambit of T.C.A. 49–217 and is competent to serve both as a teacher and a member of a quarterly county court. See T.C.A. 49–1401. But more importantly, under the evidence in this record we see no material conflict between the appellee's service for the County Board of Education and his service as a member of the quarterly county court, even if appellee could not be classed as a teacher."

We reaffirm that holding and are of the opinion that it controls with respect to defendants Hobbs, Offitt and Webb in the

case at bar. There could be no doubt that the exception covers Webb who is alleged to be a teacher. It is equally clear that defendant Hobbs, who is a principal, and defendant Offitt, who is an assistant principal, are also teachers within the meaning of the definition contained in T.C.A., § 49–1401, and, thus, are covered by the exception as we held in *Kidd*. Furthermore, as was held in *Kidd* and in the *Groce* case, *supra*, the contracts of these three defendants with the County Board of Education does not constitute a violation or come within the terms of the prohibition stated in T.C.A., § 49–217, which provides:

"No member of the local board of education or the quarterly county court shall take or make, as the adverse party, any contract which *his board* is competent to make . . . ." (Emphasis added.)

This is true because their contract of employment is not with the Quarterly Court but with the County Board of Education which is a separate entity separate and apart from the County Court. Thus, their contracts as teachers and principals are not ones which "his board is competent to make."

## II

■ The plaintiffs further argue that the exception of teachers from the prohibition of T.C.A., § 49–217, amounts to a discrimination which violates art. XI, § 8, of the Constitution of Tennessee. We are convinced, however, that the classification thus created is reasonable and, therefore, permissible under the constitutional provision cited. *Chattanooga v. Harris*, 223 Tenn. 51, 57, 442 S.W.2d 602, 604 (1969). As this Court said in *Harris*, "class legislation whose classification is natural and reasonable is constitutional and valid . . . ." More importantly, as held by this Court in the *Kidd* and *Groce* cases, *supra*, the so-called "exception" is not truly an exception but merely a declaratory statement explanatory of the scope of the prohibition contained in T.C.A., § 49–217. In other words, a member of the county court who contracts with the county board of education is not entering into a contract "which his board is competent to make"; therefore, to state that such a contract is not prohibited by the statute is not to state an exception but to merely give an explanation which is obviously redundant.

## III

■ The argument of the plaintiffs that T.C.A., § 5–507, violates art. I, § 8, of the Constitution of Tennessee because of alleged vagueness and indefiniteness is likewise without merit. The statute provides:

"The several quarterly county courts are authorized to fix the compensation of their membership in attending sessions of the quarterly county court and duly authorized committees thereof. The counties are hereby classified in congruity with § 8–2402, and the compensation fixed by the quarterly county court for attending sessions of the court shall in no case be less than the applicable amount reflected herein below:

(Amounts ranging from $20 to $35 per day, depending upon the size of the county, are then stated.)

"The amount provided in this section or a greater amount provided by resolution duly adopted by the quarterly county court shall be paid to the justices of the peace for each day's attendance at meetings of the court or any duly authorized committee thereof.

"The compensation fixed by the quarterly county court for attending duly authorized committee meetings of such court shall be one-half (½) the compensation paid for attending regular sessions of the court."

We fail to discern any vagueness or indefiniteness in this statute nor have the plaintiffs pointed out any. The burden of their argument is that the legislature should have fixed a maximum compensation in addition to the minimum compensation. This was a matter solely within the discretion of the legislature, rather than of this Court. Certainly matters of much greater moment than that here involved are left solely to the discretion of the quarterly county court as the legislative body for the county.

We find no error in the decree of the trial court and it is, therefore, affirmed. Costs of the appeal are taxed against the appellants and sureties.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.